EXCHANGE NATIONAL BANK OF TAMPA, *Appellant.* v. BESSIE KENNEDY, *Appellee.*

147 So. 572.
*Division B.*
Opinion filed April 11, 1933.

*Knight, Thompson & Turner,* for Appellant;
*A. M. Roland,* for Appellee.

BUFORD, J.—The appellee filed a bill of complaint against Sumter Abstract Company, a corporation, and Exchange National Bank, a corporation, doing a banking business in Hillsborough County, Florida, in which she sought to fore-

close a lien for labor performed by the complainant on the books, records and files constituting the abstract plant of Sumter Abstract Company, located in Bushnell, Florida. The defendant, Exchange National Bank, held a chattel mortgage on the abstract plant. The record shows that the last work done by the complainant for the defendant in maintaining its abstract plant was on the 7th day of August, 1930. The bill of complaint was filed on the 16th day of February, 1931. Therefore it appears that the suit was filed within twelve months from the performance of the last work on the abstract plant. The record shows that the mortgage was made, executed and delivered during the time that the complainant was so engaged in such work on the abstract plant.

It is a matter of common knowledge of which all persons must take notice that an abstract plant is a thing which is under continuous construction. Its records must be built up from day to day as transfers and other documents are filed and recorded in the office of the Clerk of the Circuit Court of the County to which the abstract plant applies. The construction of the plant, to make it of value and dependable, must go on from day to day. It is also a matter of common knowledge, and of which all must take notice, that clerical labor is required to perform that work incident to the continuing and continuous construction of such a plant.

It follows, therefore, that one who makes a chattel mortgage on an abstract plant takes such mortgage with notice that the plant is at all times in the course of construction and that those who are employed in such construction acquire by the rendering of such services a lien for their labor upon such plant.

Such a lien is within the purview of Section 505 R. G. S. 5366 C. G. L. and Section 3517 R. G. S., 5380 C. G. L.

It, therefore, follows that Exchange National Bank took its mortgage, with notice of the lien in favor of the complainant.

The mortgagee having taken the mortgage with constructive notice of the lien of the complainant, it was not necesary for her to file any notice of lien in the office of the Clerk of the Circuit Court. In fact, there is no provision of the law which contemplates the filing of a notice of lien in such cases. The fact that the record shows that she did file a lien within three months after the performance of the last work is immaterial.

The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J. and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.

ELLIS, J., concurs in the conclusion.